UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL VERNELL YOUNG                                       CIVIL ACTION

VERSUS                                                      NO. 20-2131

BEVERLY KELLY, ET AL.                                       SECTION: "I"

**ORDER AND REASONS**

Michael Vernell Young, a state prisoner, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. At the time he filed this lawsuit, he was incarcerated at the Rayburn Correction Center ("RCC") in Angie, Louisiana, and he sued numerous prison officials. In his voluminous complaint, he alleged that the defendants had conspired against him in retaliation for his "filing ARP's, lawsuits and posting materials on the internet exposing the unjust things going on in Rayburn."[1] Specifically, he alleged that the defendants conspired to deny him protection from harm at the hands of his fellow RCC inmates. As relief, he requested "a preliminary injunction ordering the defendants to place me in protective custody and protect me from harm and the risk to my health and safety. And to transfer me to another prison away from all the enemies I have at Rayburn and the risk to my health and safety."[2]

Shortly after the complaint was received and docketed by the Court, plaintiff filed a "Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction"[3] and a "Motion for Summary Judgment."[4] Because the defendants had not been served with this lawsuit at that point, those motions were premature, and they were therefore held in abeyance until service was effected. However, once the defendants were served,

---

[1] Rec. Doc. 1, p. 6.
[2] Id.
[3] Rec. Doc. 5.
[4] Rec. Doc. 6.

they did not file an answer, a response to those motions, or any other responsive pleading. Instead, they filed a motion asking that plaintiff's pauper status be revoked.[5] Plaintiff was ordered to respond to that motion,[6] and he was then later granted an extension of the response deadline.[7] Ultimately, the United States Magistrate Judge determined that the motion to revoke pauper status lacked merit, and she denied the motion.[8]

On January 4, 2021, the Magistrate Judge then entered an order directing the defendants to file responses to plaintiff's complaint, his motion for a temporary restraining order and preliminary injunction, and his motion for summary judgment within twenty-one days.[9] See 42 U.S.C. § 1997e(g)(2). When the defendants failed to comply with that order, the Magistrate Judge entered another order directing them to file the responses by February 8 and warned them that failure to comply with that order could result in the imposition of sanctions.[10]

Nevertheless, to date, the defendants **still** have not fully complied with the Magistrate Judge's order; rather, they forged a different path, instead opting to file a motion to dismiss simply requesting that the entire matter be dismissed as moot because plaintiff was transferred from RCC on February 1, 2021.[11] Plaintiff himself subsequently notified the Court that he is now incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. In that notice, plaintiff also alleged that had never received an answer to his complaint from the defendants and,

---

[5] Rec. Doc. 10.
[6] Rec. Doc. 11.
[7] Rec. Docs. 13 and 14.
[8] Rec. Doc. 16.
[9] Rec. Doc. 18.
[10] Rec. Doc. 21.
[11] Rec. Doc. 22.

in fact, had "not received anything from the defendants."[12] Based on plaintiff's notice, it is unclear whether he has been served with a copy of the defendants' motion to dismiss.[13]

Given the foregoing, plaintiff's motion for a temporary restraining order and preliminary injunction and his motion for summary judgment are not in the procedural posture the Court would prefer, in light of the fact that plaintiff filed them prematurely before the defendants were even served with notice of this lawsuit, as well as the fact that the defendants have not responded to the motions despite **two** express Court orders directing them to do so. Nevertheless, because the motions plainly lack merit, the Court will simply deny them for the following reasons to advance this case, which has languished for too long on the docket without progress toward actual resolution.

As to plaintiff's motion for a temporary restraining order and preliminary injunction, it is apparent that his primary objective in that motion has now been achieved: **he has been transferred from RCC**. Moreover, no type of injunctive relief is still necessary to ensure his safety **at RCC**, and, in fact, there is no way for the Court to order **any** relief which could modify the defendants' behavior with respect to the conditions of plaintiff's confinement at RCC, given that he is no longer confined at that facility. Therefore, plaintiff's request for injunctive relief is effectively moot. See Spell v. Edwards, 962 F.3d 175, 179 (5th Cir. 2020) ("A matter is moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)).

---

[12] Rec. Doc. 23.

[13] The Court is given pause by the wording of the motion's certificate of service, in which defense counsel simply stated: "**I HEREBY CERTIFY** that on February 6, 2021, I electronically filed the foregoing Motion, Memorandum in Support, and Exhibit with the Clerk of Court by using the CM/ECF system. **I further certify that all counsel of record received notice through said system.**" Rec. Doc. 22, p. 2 (emphasis added). However, because plaintiff is proceeding in this matter *pro se* and therefore is not a participant in the Court's electronic filing system, all documents must be served on him in the traditional manner. The Court is unsure whether that occurred in this case.

As to plaintiff's motion for summary judgment, it is apparent that he has not met his burden to establish that such relief is warranted. As an initial matter, as the defendants argue in their motion to dismiss, it appears that this entire case may have been rendered moot by plaintiff's transfer,[14] although plaintiff will, of course, have an opportunity to file a response to that motion arguing otherwise if he so chooses. Nonetheless, even if the Court were to ultimately determine that the case is not **entirely** moot, plaintiff still has not shown that summary judgment is appropriate for the following reasons.

The Federal Rules of Civil Procedure provide: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). With respect to such a motion, the initial burden falls on the movant, who must show that there is an "absence of a genuine issue as to any material fact." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). "The movant satisfies this burden by showing that a reasonable jury could not find for the nonmovant, based on the burdens that would apply at trial." Joseph *ex rel.* Estate of Joseph v. Bartlett, 981 F.3d 319, 329 (5th Cir. 2020). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001) (citation and internal quotation marks omitted). Therefore, where, as here, a motion for summary judgment is filed by a plaintiff, he is

---

[14] In plaintiff's complaint, he requested **only** declaratory and injunctive relief. However, the United States Fifth Circuit Court of Appeals has consistently held that a prisoner's claims for declaratory or injunctive relief regarding the conditions of his confinement at one facility are rendered moot by his transfer to a different facility. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Lodge v. Tigner, 772 F. App'x 87, 87 (5th Cir. 2019); Smith v. City of Tupelo, 281 F. App'x 279, 282 (5th Cir. 2008).

essentially taking the position "that he is entitled to prevail as a matter of law because the opponent has no valid … defense to the action …." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2711 (4th ed. Oct. 2020 Update).

As noted, in the instant case, plaintiff has alleged that the defendants engaged in a vast conspiracy to subject him to violence at the hands of other inmates, purportedly in retaliation for his outspokenness concerning what he views as injustices occurring at RCC. Genuine disputes obviously exist in this case as to many of the underlying material facts, including, but not limited to, whether such a conspiracy in fact existed and the defendants' underlying reasons and motivations for their actions. Therefore, plaintiff has not met even his initial burden with respect to a motion for summary judgment, much less established that he is in fact entitled to judgment as a matter of law. Summary judgment, therefore, simply is not appropriate at this stage of the proceeding.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for a temporary restraining order and preliminary injunction and his motion for summary judgment, Rec. Docs. 5 and 6, are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss, Rec. Doc. 22, shall remain pending at this time. The United States Magistrate Judge shall issue a Report and Recommendation concerning that motion after confirming that it was properly served on plaintiff and giving him an opportunity to file a response thereto.

New Orleans, Louisiana, this __22nd__ day of February, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**