UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL VERNELL YOUNG**                                            CIVIL ACTION

VERSUS                                                                                   NO. 20-2131

**BEVERLY KELLY, ET AL.**                                            SECTION: "I"(1)

### REPORT AND RECOMMENDATION

Michael Vernell Young, a state prisoner, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. At the time he filed this lawsuit, he was incarcerated at the Rayburn Correctional Center ("RCC") in Angie, Louisiana. In his complaint, he alleged that the defendants had conspired against him in retaliation for his "filing ARP's, lawsuits and posting materials on the internet exposing the unjust things going on in Rayburn."[1] Specifically, he alleged that the defendants conspired to deny him protection from harm at the hands of his fellow RCC inmates. In his prayer for relief, he stated:

> I'm seeking a **declaration** that my rights are being violated. I also seek a preliminary **injunction** ordering the defendants to place me in protective custody and protect me from harm and the risk to my health and safety. And to **transfer** me to another prison away from all the enemies I have at Rayburn and the risk to my health and safety.[2]

After he filed this lawsuit, plaintiff was in fact transferred from RCC. He is now incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.[3]

---

[1] Rec. Doc. 1, p. 6.
[2] Id. (emphasis added); see also id. at pp. 26-27.
[3] See Rec. Doc. 23.

Case 2:20-cv-02131-LMA    Document 31    Filed 05/05/21    Page 2 of 3

In light of that transfer, the defendants filed a motion to dismiss arguing that plaintiff's claims are now moot.[4] Plaintiff opposed that motion.[5] For the following reasons, the motion should be granted.

In his complaint, plaintiff requested **only** declaratory and injunctive relief. The United States Fifth Circuit Court of Appeals has consistently held that a prisoner's claims for declaratory and injunctive relief regarding the conditions of his confinement at one facility are rendered moot by his transfer to a different facility. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Lodge v. Tigner, 772 F. App'x 87, 87 (5th Cir. 2019); Smith v. City of Tupelo, 281 F. App'x 279, 282 (5th Cir. 2008). The Fifth Circuit has likewise held that a prisoner cannot avoid that general rule simply by arguing that he may be returned the prior facility, finding that such an argument "is too speculative to warrant relief." Herman, 238 F.3d at 665.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion to dismiss, Rec. Doc. 22, be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[4] Rec. Doc. 22.
[5] Rec. Doc. 30.

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this   5th   day of May, 2021.

                                                                       **JANIS VAN MEERVELD**
                                                                       **UNITED STATES MAGISTRATE JUDGE**